**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Equal Employment Opportunity
Commission,

                      Plaintiff,

v.

Independent School District No. 834,

                      Defendant.

Civ. No. 05-2908 (RHK/AJB)
**MEMORANDUM OPINION
AND ORDER**

Jean P. Kamp and Laurie A Vasichek, Equal Opportunity Employment Commission, Minnesota and Wisconsin, for Plaintiff.

Lawrence J. Hayes Jr., Knutson Flynn & Deans P.A., Mendota Heights, Minnesota, for Defendant.

**INTRODUCTION**

Plaintiff Equal Employment Opportunity Commission (the "EEOC") alleges a claim against Defendant Independent School District Number 834 (the "School District") for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(b). The EEOC claims that the School District discriminated against retiring teachers by paying early retirement incentive cash benefits that were reduced because of the teachers' age at retirement. This matter comes before the Court on the School District's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court will deny the Motion.

**BACKGROUND**

The School District is a public education provider located in Stillwater, Minnesota. (Compl. ¶ 4.) In 2000 and 2001, ten charges of discrimination were filed with the EEOC by teachers retiring from full-time positions in the School District, including William Simpson, Marilyn Cathcart, Elton Cunningham, James Foley, Carolyn Jacobs, Dale Druse, Molly Lein, Larry Miller, Susan Oberg, and Vernon Pennie (the "Teachers"). (Compl. ¶ 7.) The Teachers, with ages ranging between 57 and 64 years-old, claimed that the cash benefits received from the School District's early retirement incentive plan were reduced because of their age at the time of retirement.[1] (Compl. ¶ 7.)

After receiving the Teachers' charges of discrimination, the EEOC investigated and attempted to eliminate the employment practice through voluntary compliance by the School District. (Compl. ¶ 6.) When conciliation proved unsuccessful, the EEOC filed this action against the School District alleging unlawful employment practices "pursuant to

---

[1] The EEOC asserts that the collective bargaining agreement governing the Teachers retirement benefits in this case is "functionally equivalent" to the plan at issue in EEOC v. Independent School District No. 2174 of Pine River, Civ. No. 04-4087, 2005 WL 1325104 (D. Minn. June 5, 2005). In that case, the early retirement incentive plan provided a cash incentive for retiring full-time teachers who had over 15 years of service and who were at least 52 years-old. Id. at *4. The incentive was calculated as five days' pay for each year of service up to a maximum of 75 days, plus 25 percent pay for each year of service up to a maximum of 75 days, plus 25 percent pay for unused leave. Id. However, the percentage of that total amount, which was actually received by the retiree, varied depending on his or her age, such that a teacher who retired between the ages of 52 and 58 received 100 percent of the benefit, while a teacher who retired at the age of 59 received 90 percent of the benefit, or at 60 years-old the benefit was reduced to 80 percent. Id. In the end, a teacher who retired at the age of 66 received no benefit under the early retirement incentive plan. Id.

Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b)." (Compl. ¶ 1.) The School District now moves to dismiss the claim.[2]

### STANDARD OF REVIEW

When considering a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court looks to factual allegations in the Complaint. Morgan Distrib. Co., Inc. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989). All factual allegations must be accepted as true and every reasonable inference must be made in favor of the plaintiff. Fed. R. Civ. P. 12(b)(6); Midwestern Mach., Inc. v. Northwest Airlines, Inc., 167 F.3d 439, 441 (8th Cir. 1999); Carney v. Houston, 33 F.3d 893, 894 (8th Cir. 1994). The Court will not consider conclusory allegations or "blindly accept the legal conclusions drawn by the pleader of the facts." Kaylor v. Fields, 661 F.2d 1177, 1182 (8th Cir. 1981); Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). In addition to the complaint, a court may also consider "materials embraced by the pleadings and materials that are part of the public

---

[2] The EEOC argues that this Motion should be treated as a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 because the School District "has submitted matters outside of the pleadings for the Court's review, including affidavits and exhibits." (Mem. in Opp'n at 4.) Because the Court does not find it necessary to consider the School District's submitted exhibits in deciding the outcome of this Motion, the issue is moot. Even if the Court had considered the School District's exhibits, such submissions are "materials embraced by the pleadings." See In re K-tel Int'l Sec. Litig., 300 F.3d at 889; see also Silver v. H&R Block, 105 F.3d 394, 397 (8th Cir. 1997) (citing Rosenbaum v. Syntex Corp., 95 F.3d 922, 926 (9th Cir. 1996)) ("On a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleadings"). All submitted exhibits contain information directly referenced within the Complaint, and neither party disputes the authenticity of such documents.

record." In re K-tel Int'l Sec. Litig., 300 F.3d 881, 889 (8th Cir. 2002) (citations and internal quotations omitted). A complaint should not be dismissed for failure to state a claim "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## ANALYSIS

In this case, the EEOC's sole claim against the School District is for violating the ADEA. Specifically, the EEOC alleges that "this is an action under the [ADEA] to correct unlawful employment practices on the basis of age, and to provide appropriate relief to [the Teachers]." (Compl. ¶ 1.) The EEOC claims that "[f]rom at least June 1998 through at least June 2001, [the School District] engaged in unlawful employment practices in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a), by entering into a collective bargaining agreement, and a salary program for confidential, supervisory and technical employees, which provided retiring employees a cash early retirement incentive of severance pay, which was reduced because of the employee's age at retirement." (Compl. ¶ 7.) The EEOC alleges that "the unlawful employment practices were willful within the meaning of Section 7(b) of the ADEA," and warrant a money judgment for the Teachers and "a permanent injunction enjoining [the School District] from offering any early retirement program which reduces benefits because of age." (Compl. ¶¶ B-C.)

In seeking dismissal of the EEOC's claim, the School District argues that the charges of discrimination filed with the EEOC by the Teachers did not provide sufficient

notice of a potential class action. (Mem. in Supp. at 9.) The School District cites <u>Kloos v. Carter-Day Co.</u>, 799 F.2d 397 (8th Cir. 1986), and <u>Ulvin v. Northwestern National Life Ins. Co.</u>, 943 F.2d 862 (8th Cir. 1991), as support for the proposition that "an administrative charge of one or more plaintiffs setting forth only personal claims of discrimination is not sufficient to serve as the basis for an ADEA class action." (Mem. in Supp. at 11.) The School District points out that "[the Teachers], in their various [c]harges of [d]iscrimination, state strictly individual claims for alleged age discrimination, with the exception of William Simpson," whose charge was untimely filed "306 days after his date of retirement." (Mem. in Supp. at 9-10.) The EEOC counters that its "power to bring an age discrimination lawsuit does not depend upon whether the persons for whom it seeks relief did or could have filed a timely charge, or upon whether the charges that they filed gave the Defendant sufficient notice regarding the possibility of a class action lawsuit," because it "has independent authority to investigate" and is authorized to seek direct relief without regard to any individual charges of discrimination. (Mem. in Opp'n at 5-6.)

The EEOC "may receive information concerning alleged violations of the ADEA 'from any source,'" and, regardless of whether it has received a charge filed by an aggrieved individual, the EEOC "has independent authority to investigate age discrimination." <u>Gilmer v. Interstate/Johnson Lane Corp.</u>, 500 U.S. 20, 28 (1991); <u>see also</u> 29 U.S.C. § 626(a). While <u>Kloos</u> and <u>Ulvin</u> place limitations on the ability of an individual plaintiff to bring actions under the ADEA, they have no applicability to a lawsuit brought by the EEOC:

> The situation in Ulvin . . . differs because the EEOC was not a party to that action. The EEOC, unlike private litigants, is authorized to seek direct relief without regard to any plaintiff's charge filing. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991).

Glass v. IDS Financial Svcs., Inc., 778 F. Supp. 1029, 1051 (D. Minn. 1991). Section 626(d) of Title 29 of the United States Code, which sets forth the prerequisites to commencing a civil action pursuant to the ADEA, does not apply to the EEOC. EEOC v. Tire Kingdom, Inc., 80 F.3d 449, 451 (11th Cir. 1996); EEOC v. American & Efird Mills, Inc., 964 F.2d 300, 304 (4th Cir. 1992). Accordingly, because the EEOC's ability to bring this potential class action is not affected by the notice requirements placed on individual plaintiffs when bringing actions under the ADEA, the Court determines that the School District's first argument for dismissal fails.

The School District also argues that because "the EEOC [is] in privity with individuals for whom it sought relief, and the individuals [are] time-barred from bringing their own claims, the EEOC [is] also barred from bringing the claims." (Mem. in Supp. at 12.) The School District cites EEOC. v. North Gibson School Corp., 266 F.3d 607 (7th Cir. 2001), and Vines v. University of Louisana at Monroe, 398 F.3d 700 (5th Cir. 2005), as support for this proposition. The EEOC responds that in EEOC v. Waffle House, 534 U.S. 279 (2002), the United States Supreme Court "explicitly rejected the notion that the EEOC's powers to pursue claims for monetary and equitable relief were derivative of the individual's rights to pursue such claims. (Mem. in Opp'n at 7.)

The Court determines that the School District's privity argument lacks merit. First, North Gibson School District has been directly overruled by the Seventh Circuit:

> The identical question received the opposite answer in EEOC v. North Gibson School Dist., 266 F.3d 607 (7th Cir. 2001), but that decision is no longer good law. It was scuttled by the Supreme Court in EEOC v. Waffle House, Inc., 534 U.S. 279 (2002), which held that the EEOC's claim for monetary relief for a victim of an alleged violation of the Americans with Disabilities Act was not barred by the fact that the victim had agreed to arbitrate any disputes arising out of his employment. The reason there was no bar was not that the arbitration clause was unenforceable but that the [EEOC] was not bound by it because its enforcement authority is not derivative of the legal rights of individuals even when it is seeking to make them whole. Similarly, the [EEOC] is not bound by the failure of the Sidley ex-partners to exhaust their remedies; the [EEOC] had no duty to exhaust.

EEOC v. Sidley Austin Ltd., 437 F.3d 695, 696 (7th Cir. 2006).

Second, the Fifth Circuit's conclusion in Vines was limited to the analysis of whether res judicata barred the plaintiffs from bringing age discrimination claims in state court after their ADEA claims were dismissed from federal court. Vines, 398 F.3d at 707. Vines does not stand for the School District's proposition that the EEOC is time-barred from commencing this action because it is in privity with the Teachers, who are time-barred from bringing their individual claims. Such an argument stretches the holding of Vines too far, a holding that is not binding on this Court in the first place. Because the EEOC's ability to file an action against the School District is not contingent upon the timing of filings and actions by the individual Teachers, the School District's second argument for dismissal fails.

Finally, the School District argues that the EEOC's "lawsuit should be dismissed as untimely when its Complaint was brought after the statute of limitations period contained within the Fair Labor Standards Act ['FLSA']." (Mem. in Supp. at 14.)  The School District contends that based on the FLSA statute of limitations, the EEOC's "attempt to assert monetary claims on behalf of the 10 charging Claimants and 48 class members were barred at the latest by April 12, 2004." (Mem. in Supp. at 15.)  "The School District asserts that [the EEOC] does not have the power to sue for an unlimited amount of backpay, and that creating unlimited liability for backpay awards is totally inconsistent with other statutes considered analogous to the ADEA, such as Title VII and the FLSA." (Mem. in Supp. at 15.) Therefore, "the School District requests that this Court dismiss [the EEOC's] entire lawsuit, including claims brought on behalf of the ten individually-named charging parties, as untimely." (Mem. in Supp. at 16.)

The EEOC counters that "although [its] right to bring a suit under the ADEA was subject to certain time limitations before 1991, the Civil Rights Act of 1991 deleted language from the ADEA that incorporated the statute of limitations contained in 29 U.S.C. § 255 of the Portal-to-Portal Act of 1947, thereby eliminating the two and three-year statute of limitations periods from the ADEA." (Mem. in Opp'n at 12.)  Furthermore, the EEOC contends that the Eighth Circuit explicitly rejected the School District's statute of limitations argument in <u>Littel v. Aid Ass'n for Lutherans</u>, 62 F.3d 257 (8th Cir. 1995). (Mem. in Opp'n at 12.)  Therefore, the EEOC argues that dismissal of its claim is not appropriate.

In Littel, an employee claimed that he was terminated on the basis of his age in violation of the ADEA. 62 F.3d at 258. The district court dismissed the action as untimely under the 90-day statute of limitations. Id. On appeal, the plaintiff conceded that the amended version of the ADEA applied to his lawsuit, but argued that the 90-day provision was added to expand the rights of plaintiffs who failed to comply with the two and three year statute of limitation periods. Id. The Eighth Circuit did not find any merit in the plaintiff's argument:

> It is significant that under the 1991 Act, Congress deleted the only direct reference to § 255 and thus to the two/three-year limitations period. Moreover, in place of the deleted § 255 reference, Congress expressly added the plain language that ADEA actions "may be brought . . . within 90 days after the receipt of . . . notice" from the EEOC. Adopting the appellant's reading of the statute would require us to conclude that § 626(e)'s former explicit reference to § 255 was mere surplusage by virtue on the indirect reference to § 255 in § 626(b). We reject this argument and instead hold that the amendment to § 626(e) effectively eliminated the two/three-year statute of limitations period . . . .

Littel, 62 F.3d at 259. Based on this holding, the School District's final argument for dismissal — that the EEOC's claim is barred by the statute of limitations — is not viable. Accordingly, the School District's Motion to Dismiss will be denied.

## CONCLUSION

Based on the foregoing, and all of the files, records and proceedings herein, it is

**ORDERED** that the School District's Motion to Dismiss (Doc. No. 2) is **DENIED**.


Dated: April 28, 2006                     s/ Richard H. Kyle
                                          RICHARD H. KYLE
                                          United States District Judge

9